JOHNSON *vs.* THE STATE OF GEORGIA.

1. One who sells spirituous liquors by the quart must obtain the license and take before the ordinary the oath required of retailers.
2. The absence of a witness who would testify that the oath prescribed in §1420 of the Code was taken before any other officer than the ordinary, was not good ground for a continuance, it not appearing that the defendant had a license.
3. An indictment for selling liquors by the quart without a license from the ordinary, need not allege that the defendant had no license from an incorporated town or city authorized by law to grant the same.

Criminal law. License. Indictment Continuance. Before Judge BUCHANAN. Carroll Superior Court. April Term, 1878.

Johnson was indicted for selling liquors by the quart without taking the oath before, and obtaining license from, the

ordinary.  He demurred to the indictment because it failed
to allege that he had not obtained a license from the author-
ities of any incorporated town or city authorized to grant
licenses.  The demurrer was overruled.  Defendant moved for
a continuance on account of an absent witness (a magistrate)
by whom he could show that he had taken the oath prescribed
in the Code, §1420, before said justice.  It was refused.
He was found guilty, moved for a new trial, it was refused,
and he excepted.

G. W. Austin ; Mabry & Reese; Jackson & Lumpkin,
for plaintiff in error, cited as follows: (absent evidence ma-
terial) Code, §§4565, 1420; (indictment demurrable) Code,
§4628; 13 *Ga.*, 435; 17 *Ib.*,631; 26 *Ib.*, 604–5; 1 T. R.,
141; 15 East, 455 ; Leach, 580; (no license needed) Cobb's
Dig., 1039; acts 1853–4, pp. 83, 34, 533; Code, §§4565,
1420; acts 1875, p. 102; (if so, onus on state) Arch. Cr.
Pl. and Pr., 123; 3 Gr. Ev., §12; 1 *Ib.*, §§78–80, and note ;
24 Pick., 380 ; Code, §§1419,1421; 7 Met., 306 ; 13 *Ga.*, 439.
Compare 17 *Ga.*, 290; 50 *Ib.*, 103, 106; Code, §§4566,
2842, 2849; 1 *Ga.*, 621; 59 *Ib.*, 145.

S. W. Harris, solicitor general, for the state, cited as fol-
lows: (indictment good) Code, §§4565, 4628; (continuance
rightly refused) Code, §§1420, 1421; Cobb's Dig., 1038;
(verdict right) 14 *Ga.*, 55 ; 34 *Ib.*, 348; *Ib.*, 263; 42 *Ib.*,
609 ; 45 *Ib.*, 190.

Warner, Chief Justice.

The defendant was indicted for a misdemeanor, and
charged with having sold by the quart, in the county of
Carroll, whisky, brandy, gin, and other spirituous liquors,
without first obtaining a license from the ordinary of said
county, and taking the oath prescribed by the Code of said
state, the said William Johnson not having been tried by
the corporate authorities of any town or city for the violation
of the law.   The defendant demurred in writing to said in-

dictment before pleading thereto, which was overruled. The case then proceeded to trial, when the defendant was found guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

1. The defendant was indicted for a violation of that part of the 4565th section of the Code which prohibits the sale of spirituous liquors by the quart without the license and taking the oath prescribed in the Code. See sections 1419 and 1420 as to what officer is to grant the license, administer the oath, and the nature of the oath required. If a person desires to sell spirituous liquors by the quart, he must obtain a license to do so from the ordinary of the county, and take the oath prescribed by §1419 before said ordinary, otherwise he will be guilty of a misdemeanor, and liable to be indicted and punished as prescribed by the 4565th section, under which the defendant was indicted.

2. There is no pretense that the defendant had a license to sell spirituous liquors by the quart from the ordinary of Carroll county, or that he took the oath required before the ordinary of that county. Therefore there was no error in overruling the defendant's motion for a continuance to enable him to prove by an absent witness that he had taken the oath required before a justice of the peace.

3. It is only when the defendant is indicted for retailing spirituous liquors in quantities less than one quart that the indictment should contain the negative averment that it was not sold within the limits of any incorporated town or city authorized by law to grant licenses. There was no error in overruling the demurrer to the indictment, nor in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.